J-A16029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PETER JAMES SOROKAPUT | |
| Appellant | No. 54 MDA 2020 |

Appeal from the Judgment of Sentence Entered December 13, 2019
In the Court of Common Pleas of Schuylkill County
Criminal Division at No.: CP-54-CR-0000645-2019

BEFORE: PANELLA, P.J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.: **FILED OCTOBER 14, 2020**

Appellant, Peter James Sorokaput, appeals from the December 13, 2019 judgment of sentence entered in the Court of Common Pleas of Schuylkill County ("trial court"), following his guilty plea to multiple charges of sexual abuse against his daughters. Upon review, we affirm.

The facts and procedural history of this case are undisputed. Briefly, on November 21, 2019, Appellant pleaded guilty to three counts of rape of a child, two counts of aggravated indecent assault, two counts of incest of minor under the age of 13 years, two counts of corruption of minors, two counts of endangering the welfare of children, two counts of indecent assault, and four counts of indecent exposure.[1] On December 13, 2019, the trial court

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3125(b), 4302(b)(1), 6301(a)(1)(ii), 4304(a)(1), 3126(a)(7), and 3127(a), respectively.

sentenced Appellant to an aggregate term of 30 to 60 years' imprisonment. Appellant did not file any post-sentence motion. Instead, he timely appealed. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, raising a single assertion of error whereby he challenged only the discretionary aspects of sentencing. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant presents two issues for our review.

[I.] Did the sentencing court abuse its discretion in crafting a manifestly excessive sentence after ordering the sentence on multiple counts to run consecutively for an aggregate sentence of not less than 30 to not more than 60 years incarceration?

[II.] Did the trial court's defective guilty plea colloquy, which failed to inquire into whether [Appellant] was knowingly and intelligently waiving his right to a jury trial, admitting guilt of his own free will, and understood that the sentences on each charge could be run consecutively, render [his] plea unknowing and involuntary in character as to require the plea to be vacated and the matter remanded for a new trial?

Appellant's Brief at 4.

At the outset, we note that we are unable to address Appellant's claims, because, as the Commonwealth notes, he failed to preserve them for our review. Appellant waived his first claim implicating the discretionary aspects of sentencing. Our review of the record indicates that he failed to preserve this claim for our review because he did not raise it before the trial court at sentencing or in a post-sentence motion. *See* Pa.R.Crim.P. 720(A)(1); *see also Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (holding objections to discretionary aspects of sentence are generally waived

- 2 -

if not raised at sentencing or preserved in a post-sentence motion). In *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013), we explained that "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Cartrette*, 83 A.3d at 1042 (citation omitted). Likewise, Appellant also waived his second issue challenging the validity of his guilty plea because he failed to include it in his Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2020

- 3 -